UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BARBARA MANSON,

    Plaintiff,

vs.

RICHARD FRIEDBERG, OLD STONE VENTURES,

    Defendants.
-----------------------------------------------------------------x

08 CIV. 3890

BRIEANT

COMPLAINT

Through her counsel, Michael H. Sussman, plaintiff, BARBARA MANSON, hereby states as and for her Complaint against defendants:

**PARTIES**

1. Plaintiff, Barbara Manson, is a resident of the County of Orange, State of New York, within this judicial district. She is female.

2. In or about June 2006, plaintiff commenced working for defendants, whose business address is 28 Bear Mountain Bridge Road, Cortland Manor, NY, County of Westchester, within this judicial district.

**JURISDICTION**

3. As plaintiff timely filed a claim of employment discrimination, based upon quid pro quo sexual harassment, with the EEOC, has requested and now received a right to sue letter and brings this case within 90 days of receipt of the right to sue letter from that agency, this Court has jurisdiction over this matter pursuant to 42 U.S.C. sec. 2000-e, et seq., 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. sec. 1988. Pursuant to 28 U.S.C. sec. 1367, this Honorable Court has supplemental jurisdiction over the state law claim which arises from the same nucleus of

operative facts.

**FACTUAL ALLEGATIONS**

4. Plaintiff worked as a hostess at the Monteverde Restaurant, owned by Richard Friedberg, and as a real estate consultant for both Friedberg and Old Stone Ventures.

5. Plaintiff reported directly to Mr. Friedberg who structured these jobs and paid plaintiff $2,000 every two weeks as a real estate consultant and $10.00/hour for two shifts a week at the Monteverde Restaurant in Cortland Manor, New York

6. As a real estate consultant, plaintiff's job was to locate properties throughout the Hudson Valley which might be of interest to Friedberg who was a self-styled real estate developer.

7. Plaintiff went to such communities as Newburgh, Saugerties, Hudson and Woodstock and located a plethora of properties, ranging from a winery in Highland in the Town of Lloyd to restaurants in numerous communities which might be of interest to Friedberg.

8. In the fall 2006, Mr. Friedberg initiated sexual contact with plaintiff in a hotel room where she was staying.

9. On a second occasions, shortly thereafter, plaintiff participated in oral sex with Friedberg in a hotel room that, at Friedberg's request, she had reserved for the two of them to stay in together.

10. On a third occasion in February or March 2007, at the Inn at Hudson, Friedberg again came into plaintiff's hotel room and plaintiff made clear that she was not interested in a sexual relationship with him.

11. Thereafter, on April 16, 2007, on the property of the Monteverde Restaurant, during

office hours, Friedberg came into plaintiff's work area and twice put his hands down the front of her pants, the second time while making a plainly sexual comment.

12. Again, plaintiff repelled Friedberg's affections and made clear that his affections were unwanted and unwelcome.

13. Thereafter, Friedberg changed his stance toward plaintiff entirely, refusing to communicate with her or give her directions/assignments.

14. When plaintiff questioned Friedberg about this and told him that she felt his distance toward her related to her refusal to go along with his sexual advances, he lamely denied this and responded untruthfully that he was busy and had neglected to call anyone in Cortland Manor.

15. Within three weeks of plaintiff's repelling Friedberg's sexual advances, he terminated her employment, though she had carried out his directions and instructions and had identified numerous properties for his review.

16. Plaintiff has suffered both financial and non-financial loss as a direct consequence of the treatment accorded her by defendants.

17. The conduct by Friedberg, as an agent for Old Stone Ventures, was intentional.

18. The conduct by Friedberg was known to him to be a violation of law and was a malicious exercise of his leverage and power.

**CAUSES OF ACTION**

19. Plaintiff expressly incorporates paras. 1-18 as if fully repeated herein.

20. By engaging in quid pro quo sexual harassment against plaintiff, defendants violated Title VII of the Civil Rights Act of 1964.

21. By engaging in quid pro quo sexual harassment against plaintiff, defendants violated

section 296 of the Executive Law of the State of New York.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to decide all questions of law;

c) award to plaintiff compensatory damages with pre and post-judgment interest against the defendants jointly and severally;

d) award to plaintiff punitive damages with pre and post-judgment interest against defendants jointly and severally;

e) award to plaintiff the reasonable attorney fees deriving from prosecution of this matter and

f) enter any other relief which it deems just and warranted in law and or equity.

        Respectfully submitted,

        MICHAEL H. SUSSMAN [3497]
        SUSSMAN & WATKINS
        PO BOX 1005
        GOSHEN, NY 10924
        (845)-294-3991
            COUNSEL FOR PLAINTIFF

DATED: APRIL 15, 2008