UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BARBARA MANSON,                                    :
                                                   :
                    Plaintiffs,    :   Case No. 08 CIV. 3890 (CLB)(GAY)
   - against -                                    :
                                                   :
RICHARD FRIEDBERG,                                 :
OLD STONE VENTURES,                                :   **ANSWER FOR**
                                                   :   **DEFENDANTS**
                                                   :
                    Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants, RICHARD FRIEDBERG and OLDSTONE VENTURES, LLC (incorrectly referred to in the complaint as OLD STONE VENTURES) (collectively, "Defendants"), by their attorneys, Epstein Becker & Green, P.C., as and for their Answer to the Complaint, respectfully respond as follows:

        1.    Deny information sufficient to form a belief as to the truth of allegations set forth in paragraph 1 of the Complaint, except to admit that Plaintiff is a female.

        2.    Deny the allegations contain in paragraph 2 of the Complaint, except to state that the business address of Oldstone Ventures, LLC ("Oldstone") is 28 Bear Mountain Bridge Road, Cortland Manor, New York, and that in or about June 2006, Plaintiff was engaged as an independent contractor to Oldstone.

        3.    Deny the allegations contained in paragraph 3 of the Complaint, except state that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Oldstone, that the EEOC issued a Notice of Right to sue on or about March 31, 2008 and that Plaintiff purports to base jurisdiction on the statutes cited.

        4.    Deny the allegations contained in paragraph 4 of the Complaint, except to state that Plaintiff worked as a hostess at the Monteverde Restaurant, an entity distinct and

different from Oldstone, and that Plaintiff was engaged as an independent contractor to consult on real estate by Oldstone.

5. Deny the allegations contained in paragraph 5 of the Complaint, except to state that, from approximately June 2006 to December 2006, Plaintiff worked regular shifts as a hostess at the Monteverde Restaurant where she received $10.00 per hour for two shifts a week and, from approximately September 2006 to March 2007, was engaged by Oldstone as an independent contractor to locate real estate and was paid $2,000 every two weeks.

6. Deny the allegations contained in paragraph 6 of the Complaint, except to state that Plaintiff, a licensed real estate broker, was one of several persons with whom Oldstone contracted to locate properties which might be of interest to Oldstone for purposes of development.

7. Deny the allegations contained in paragraph 7 of the Complaint, except to state that Plaintiff, in her role as a licensed real estate broker, traveled to communities such as Newburgh, Saugerties, Hudson and Woodstock to locate properties which she believed might be of interest to Oldstone.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint, except to state that Oldstone terminated its contractual relationship with Plaintiff because she sought to renegotiate her agreement, proposing terms in which Oldstone was not interested, and she had not produced any potential development opportunity sufficient to justify continuation of the expense of her consulting arrangement.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. With respect to paragraph 19 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

20. In response to the allegations contained in paragraph 20 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

21. In response to the allegations contained in paragraph 21 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

22. Deny the allegations contained in the "Prayer for Relief section of the Complaint and state that Plaintiff is not entitled to any of the relief sought.

## FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

24. Plaintiff was not at any relevant time an employee of Oldstone or Richard Friedberg ("Friedberg"), and, therefore, cannot invoke the protections of the statutes under which she sues.

## THIRD AFFIRMATIVE DEFENSE

25. Neither Oldstone nor Friedberg qualified as an employer within the meaning of the term as defined under 42 U.S.C. §2000e(b), in that neither employed fifteen or more employees at any time relevant to the employment decisions challenged herein.

## FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims for punitive damages are barred, in whole or in part, because such damages are not available for some or all of the claims and because Defendants did not engage in any conduct to justify an award of punitive damages. Alternatively, any claim for such damages is capped pursuant to 42 U.S.C. § 1981a.

## FIFTH AFFIRMATIVE DEFENSE

27. This Court does not have personal jurisdiction over defendant Friedberg as he was not properly served with a copy of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

28. Upon information and belief, Plaintiff failed to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred because Defendants had reasonable policies and procedures in place to prevent and correct promptly the harm alleged, and Plaintiff unreasonably failed to avail herself of those policies and procedures or to avoid harm otherwise.

WHEREFORE, Defendants demand judgment dismissing the Complaint, awarding them their costs, disbursements, and attorney's fees incurred in defending this action, and such other relief as is just and proper.

Dated: New York, New York  
      June 4, 2008

Respectfully submitted,

**EPSTEIN BECKER & GREEN, P.C.**

By:   s/ John Houston Pope  
     John Houston Pope  
     Melissa J. Beekman  
250 Park Avenue  
New York, New York 10177-1211  
Phone: (212) 351-4500  
Fax:    (212) 878.8741  
e-mail:  jhpope@ebglaw.com  
Attorneys for Defendants

---

### CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel for Plaintiffs.

                s/ John Houston Pope  
                   John Houston Pope